IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA ROSA and WILBERTO ROSA, | : |
| Plaintiffs, | : Civil Action: |
| v. | : |
| | : **COMPLAINT** |
| NATIONAL ACTION FINANCIAL SERVICES, INC. and "MR. BENTON" | : |
| | : **JURY TRIAL** |
| Defendant, | : **DEMANDED** |

Plaintiffs LINDA ROSA and WILBERTO ROSA, for their Complaint herein, allege the following on information and belief except as to the allegations concerning their individual circumstances, which are asserted upon personal knowledge.

## I. INTRODUCTION

1. Plaintiffs are suing the Defendants because the Defendants falsely threatened the Plaintiffs with arrest; and then informed the Plaintiffs' neighbors that Plaintiffs had committed a crime, and were about to arrested. The Plaintiffs had committed no crimes, and were certainly not about to be arrested. Plaintiff Linda Rosa is disabled with serious heart disease. Defendants' actions threatened the life and liberty of a disabled New Jersey consumer.

2. Defendants are debt collectors who have been sued in Federal Court alone over 100 times for abusive and deceptive debt collection. It is, or at a minimum appears to be, the policy of the corporate Defendants to engage in the illegal behavior alleged herein.

3. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

1

4. According to 15 U.S.C. § 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C § 1692k (d), 28 U.S.C § 1337 and supplemental jurisdiction exists for state law claims under 28 U.S.C. § 1367. Venue is proper in this jurisdiction under 28 U.S.C. § 1391. Defendants are subject to personal jurisdiction within the District and a substantial part of the event or omissions giving rise to these claims occurred in the District.

## III. PARTIES

6. Plaintiff, Linda Rosa, is natural person residing in Union County, New Jersey.

7. Plaintiff, Wilberto Rosa is a natural person residing in Union County, New Jersey.

8. Defendant, National Action Financial Services, Inc. (NAFS) is a Georgia corporation doing business in New Jersey with its principal place of business located at 165 Lawrence Bell

Drive, Suite 100 Williamsville, NY 14221. NAFS regularly attempts to collect debts in New Jersey.

9.  Defendant Mr. Benton is, or was, a natural person and an employee of NAFS at all times relevant to this action.  His first name is unknown but will be determined through discovery.  Mr. Benton regularly attempts to collect debts in New Jersey and did so as set forth vis-à-vis Plaintiffs, as set forth below.

10.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11.  The alleged debt of Plaintiffs is a debt as defined by 15 U.S.C. § 1692.

12.  The Plaintiffs allege that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants.  Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV.  FACTUAL ALLEGATIONS

13.  On or about June 12, 2007 Plaintiff Linda Rosa received a telephone call from Defendant Benton.  Mr. Benton alleged that Plaintiffs owed a debt for a repossessed automobile. Mr. Benton informed Ms. Rosa that the repossession occurred in 2001.

14.  Mr. Benton informed Ms. Rosa that she needed to pay the demanded amount right then on the telephone.  Mr. Benton demanded that Ms. Rosa give him her checking account numbers so that he could take the money directly from her checking account. Mr. Benton informed Ms. Rosa that if she did not give him the her checking account numbers right then over

the phone, that Defendants intended to begin taking forty-five percent out every paycheck received by Mr. Rosa.

15. There is no judgment entered against either Plaintiff for the alleged automobile debt. The statute of limitation to bring an action to attempt to collect the alleged debt has long expired.

16. Defendants did not have the legal right to attempt to garnish the paycheck of Mr. Rosa.

17. Defendants did not intend to attempt to garnish the paycheck of Mr. Rosa.

18. Under the false threat of garnishment, Ms. Rosa gave the Defendants her checking account number.

19. Ms. Rosa then requested that the Defendants provide some documentation of the debt. Defendants refused.

20. Ms. Rosa consistently tried to speak with Defendants about the alleged debt, but the Defendants continuously hung up the phone while Ms. Rosa was attempting to speak with Defendants. Plaintiff Linda Rosa then recognized that Defendants were engaged in an attempt to defraud her.

21. Ms. Rosa then informed the Defendants that she was withdrawing any authority for Defendants to take any money from her checking account.

22. Ms. Rosa then informed her bank not to honor any checks presented by the Defendants.

23. Notwithstanding the fact that Linda Rosa had instructed Defendants not to attempt to withdraw any money from her bank account, Defendants then attempted unsuccessfully to withdraw money from the Plaintiffs' checking account.

24. Upon learning that their attempts to take money from the Plaintiffs' bank account had been thwarted, the Defendants began a campaign of abuse and defamation against both Plaintiffs.

25. Defendant Mr. Benton threatened Ms. Rosa that unless she paid the alleged debt, she was going to be arrested and charged with a felony.  Ms. Rosa believed Defendant Mr. Benton, and Plaintiff suffered serious mental and physical distress due to Mr. Benton's false threats of arrest.

26. Ms. Rosa suffers from serious heart disease for which she has endured open heart surgery. Ms. Rosa's disease has rendered her disabled.

27. The actions of Mr. Benton had serious negative impact on Ms. Rosa's condition, including the onset of angina.

28. Ms. Rosa informed Mr. Benton that she was disabled with a serious heart condition. Mr. Benton indicated that he didn't care about Ms. Rosa's condition. He stated: "So what? So did my mother."

29. Defendant Mr. Benton also called the Plaintiffs' neighbors and informed the neighbors that the Plaintiffs were criminals and that they were about to be arrested.

30. Defendant Mr. Benton screamed at the Plaintiff Linda Rosa.

31. Defendant Mr. Benton threatened Plaintiff Linda Rosa with legal action.

32. Defendants telephoned the Plaintiffs' house repeatedly with the intent to annoy and harass.

33. Defendant NAFS is vicariously liable for the acts of Mr. Benton as described herein.

34. As a result of Defendants' actions, Plaintiff Linda Rosa has suffered:  the fear of being arrested; thoughts of suicide; heart palpitations; dyspnea; crying; mental anxiety;

emotional suffering; worry, loss of appetite; humiliation; sleeplessness; mental distress; loss of reputation; physical pain; and pre-litigation costs.  In addition, the Plaintiff Linda Rosa will incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.

35.  As a result of Defendants' actions, Plaintiff Wilberto Rosa has suffered:  the fear of being arrested; mental anxiety; emotional suffering; worry, humiliation; embarrassment; loss of reputation; sleeplessness; mental distress; and pre-litigation costs.  In addition, the Plaintiff Wilberto Rosa will incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.

36.  Defendants' actions were willful, and wanton, in that they acted deliberately, with knowledge of the high degree of probability that their acts could cause serious injuries to others.  Defendants' actions were malicious in that their illegal behavior was evil minded.

**FIRST CAUSE OF ACTION
FOR VIOLATION OF THE FDCPA**

37.  Plaintiffs repeat and re-allege and incorporate by reference the foregoing paragraphs of this Complaint.

38.  Defendants' actions and omissions as described herein constitute violations of the FDCPA, including but not limited to violations of 15 U.S.C. §§ 1692e;1692e(1); 1692e(2); 1692e(3);1692e(4); 1692e(5); 1692e (7);1692e(8); 1692e(10); 1692e(11); 1692d; 1692d(1); 1692d(2); 1692d(5); 1692d(6), 1692f; 1692f(1); 1692f(2); 1692f(3); 1692f(4); 1692b(3);1692 c (a)(1);  and 1692 c (b).

39.  Plaintiffs are entitled to damages as a result of these violations of the FDCPA as set forth in the prayer for relief, below.

## SECOND CAUSE OF ACTION
## FOR NEGLIGENCE AND RECKLESSNESS

40. Plaintiffs repeat and re-allege and incorporate by reference the foregoing paragraphs of this Complaint.

41. Defendants' actions and omissions as described herein constitute negligence and recklessness in that Defendants owed Plaintiffs a duty and a special duty of reasonable care, and said breaches were the proximate cause of damages suffered by Plaintiff.  It was foreseeable that Defendants' conduct as described herein would cause damage to the Plaintiffs. Further Defendants' conduct, as described herein, demonstrate a want of scant care and an indifference to the rights of Plaintiffs. Defendants' actions were willful, wanton and malicious. Defendants' actions were highly unreasonable, reckless, and demonstrate an extreme departure from ordinary care. Plaintiffs have been damaged emotionally by the Defendants' illegal conduct as alleged herein.

42. The negligence, gross negligence, and recklessness of Defendant NAFS consisted of the following:

   a. Hiring persons who Defendant knew or should have known had a propensity to engage in abusive debt collection;

   b. Continuing to employ persons who Defendant knew or should have known had a propensity to engage in abusive debt collection;

   c. Failing to properly monitor its employees while they engage in debt collection;

   d. Failing to properly train employees to engage in debt collection;

   e. Knowingly violating state and federal statutes regulating debt collection;

e. Vicarious liability for the acts of its employees and/or agents who engaged in the debt collection abuse described herein;

f. Other negligent and reckless behavior.

43. Defendant NAFS and its upper management were aware of, or willfully ignorant of the fact, that their employees regularly engaged in debt collection abuse. Defendant NAFS and its upper management did not appropriately address the illegal behavior. Defendant has been sued over 100 times in Federal Court for debt collection abuse and deception.

44. Defendant NAFS and its upper management were aware of, or willfully ignorant of the fact, that its employees regularly engage in debt collection abuse, but do not properly address such illegal conduct.

45. Defendant NAFS and its upper management profit from the corporation's debt collection abuse.

46. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendant NAFS as described herein.

47. The negligence, gross negligence, and recklessness of Defendant Mr. Benton consisted of the following:

a. Falsely informing the Plaintiff Linda Rosa that she had committed a felony;

b. Falsely informing the Plaintiff Linda Rosa that she was going to be criminally prosecuted;

c. Falsely informing the Plaintiffs neighbors that Plaintiffs were criminals;

d. Falsely informing the Plaintiffs' neighbors that Plaintiffs were going to be arrested;

e. Knowingly violating state and federal statutes regulating lawful debt collection procedures;

  f. Other negligent and reckless behavior.

  48.  Defendants acted in a reckless manner, thereby entitling Plaintiffs to punitive damages in an amount to be determined by finder of fact at trial.

  49.  Plaintiffs are entitled to the damages set forth in the prayer for relief, below.

<b><u>THIRD CAUSE OF ACTION<br>FOR DEFAMATION</u></b>

  50.  Plaintiffs repeat and re-allege and incorporate by reference all the foregoing paragraphs of the Complaint.

  51.  On or about July 12, 2007 Defendants maliciously published false and defamatory statements about Plaintiff Wilberto Rosa in that Defendant Mr. Benton informed Plaintiffs' neighbor, Marilyn Crespo that Wilberto Rosa was going to be "arrested", and that Plaintiff Wilberto Rosa had committed "a crime."

  52.  On or about July 26, 2007 Defendants maliciously published false and defamatory statements about Plaintiff Wilberto Rosa in that Defendant Mr. Benton informed Plaintiffs' neighbor, Jasmine Perez that Wilberto Rosa was going to be "arrested", and that Plaintiff Wilberto Rosa had committed "a crime."

  53.  On or about July 12, 2007 Defendants maliciously published false and defamatory statements about Plaintiff Linda Rosa in that Defendants informed Plaintiffs' neighbor, Marilyn Crespo that Plaintiff Linda Rosa was going to be "arrested", and that Plaintiff Linda Rosa had committed "a crime."

  54.  On or about July 26, 2007 Defendants maliciously published false and defamatory statements about Plaintiff Linda Rosa in that Defendants informed Plaintiffs' neighbor, Jasmine Perez that Plaintiff Linda Rosa was going to be "arrested", and that Plaintiff Linda Rosa had committed "a crime."

55. The above statements made by Defendants to Plaintiffs' neighbors were false.

56. Defendants' statements falsely indicate that Plaintiff Wilberto Rosa is a criminal.

57. Defendants' statements falsely indicate that Plaintiff Linda Rosa is a criminal.

58. Defendants' false statements are defamatory on their face, and constitute slander per se.

59. Defendants' false statements are defamatory and constitute slander.

60. Defendants do not have just cause or excuse for such defamatory statements.

61. Defendants knew or should have known that their statements were false.

62. Defendants' false statements are injurious to the Plaintiffs' reputation, esteem and good will. Along with other damages, Defendants' false statements caused Plaintiffs emotional distress asset forth. Plaintiffs have suffered damages in an amount to be determined upon the trial of this action.

63. Plaintiffs seek, nominal, actual, and punitive damages against Defendants for the defamation alleged herein.

64. In defaming Plaintiffs, Defendants acted maliciously, in an evil-minded manner, thereby entitling Plaintiffs to punitive damages in an amount to be determined by finder of fact at trial.

## FOURTH CAUSE OF ACTION
## FOR INVASION OF PRIVACY

65. Plaintiffs repeat and re-allege and incorporate by reference all the foregoing paragraphs of the Complaint.

66. Defendants' outrageous, abusive, and malicious acts constituted intrusion upon Plaintiffs' seclusion.

67. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiffs.

68. The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

69. The intrusion caused Plaintiffs to sustain injury, damage, loss or harm in the form of emotional distress and actual injury as further described herein.

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

71. Defendants acted maliciously, in an evil-minded manner, thereby entitling Plaintiffs to punitive damages in an amount to be determined by finder of fact at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants, jointly and severally for the following:

A. Actual damages under the FDCPA and common law claims;

B. Statutory damages under the FDCPA;

C. Nominal damages;

D. Costs and reasonable attorney's fees under the FDCPA;

E. Punitive damages pursuant to the state common law claims;

F. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues.

Respectfully submitted by:

Dated: April 16, 2008

/s/  Seth R. Lesser
Seth R. Lesser, Esquire
LOCKS LAW FIRM, PLLC
110 E. 55th Street
New York, New York 10022
212-838-3333
   -and-
457 Haddenfield Road, Suite 500
Cherry Hill, N.J. 08002
856-663-8200
www.lockslaw.com

Brian L. Bromberg
(Motion for Admission to be filed)
BROMBERG LAW OFFICE, PC
40 Exchange Place, Suite 2010
New York, New York 10005
212-248-7906

Joseph M. Mauro
(Motion for Admission to be filed)
The Law Office of Joseph Mauro, LLC
306 McCall Ave
West Islip, New York 11795
Tel: (631) 669-0921


Attorneys for Plaintiff